UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY C. CLARK (#110365)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 11-271-JJB-SCR

RULING

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Deputy Warden Darrel Vannoy, Col. Bobby Achord, Assistant District Attorney (ADA) Tommy Block, ADA Mike Futrell and ADA Hugo A. Holland. Plaintiff alleged that prison officials opened, read and confiscated incoming privileged legal mail, listened to and monitored attorney telephone calls, recorded privileged attorney-client telephone calls and provided the recordings to the ADAs prosecuting him, denied him a contact visit with his attorney and retaliated against him after denying the attorney visit.

Specifically, the plaintiff alleged that prison officials monitored and recorded privileged attorney-client telephone conversations and provided the ADA defendants with copies of the recordings. Plaintiff alleged that the ADA defendants failed to stop prison officials from recording his attorney telephone communications and failed to report the alleged illegal conduct to

the appropriate authorities.

Plaintiff further alleged that he was transferred from the CCR Tier located at the Death Row Unit to Camp D Hawk in retaliation for filing a Motion for Contempt in the state criminal court complaining about the denial of a prearranged attorney contact visit. Plaintiff alleged that there is a heightened threat to his safety while confined at Camp D and he fears he will be harmed while confined there. Plaintiff alleged that several correctional officers assigned to work at Camp D are expected to act as State's witnesses in his murder trial.

Plaintiff alleged that the attorney-client visitation room at Camp D is inadequate. Specifically, the plaintiff alleged that the room is stark, ripped up, noisy and devoid of privacy and confidentiality. Plaintiff alleged that a guard watches him through a window for the duration of his visit with his attorney. Plaintiff alleged that he is unable to review evidence or discuss trial strategy with his attorney while in the visitation room.

Plaintiff further alleged that he was denied access to the courts when he was transferred from one cell to another at Camp D and missed a court deadline in conjunction with an appeal filed in the United States Court of Appeals for the Fifth Circuit.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other

> Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated*
3

*in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff attached as an exhibit to his complaint a copy of the administrative grievance in which he presented the facts

4

relating to his complaint. The administrative grievance is dated April 3, 2011.[1]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. The warden shall respond to the inmate within 40 days from the date the request is received at the first step. *Id*. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. *Id.* at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

Although the plaintiff attached a copy of the administrative grievance he filed on April 3, 2011 as an exhibit to his complaint, he did not attach copies of the first and second step responses. Even assuming that the administrative grievance was accepted into the process on that date, there has not been sufficient time to exhaust available administrative remedies through the two step

---

[1] Record document number 1, p. 36.

relating to his complaint. The administrative grievance is dated April 3, 2011.[1]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. The warden shall respond to the inmate within 40 days from the date the request is received at the first step. *Id*. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. *Id.* at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

Although the plaintiff attached a copy of the administrative grievance he filed on April 3, 2011 as an exhibit to his complaint, he did not attach copies of the first and second step responses. Even assuming that the administrative grievance was accepted into the process on that date, there has not been sufficient time to exhaust available administrative remedies through the two step

---

[1] Record document number 1, p. 36.

process. This conclusion is consistent with the plaintiff's failure to allege that he exhausted available administrative remedies or to provide evidence of exhaustion of administrative remedies.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint shall be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[2]

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, May 6, 2011.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[2] *Underwood v. Wilson*, 151 F.3d at 296.